FILED

FEB 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50277 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-01083-MWF-VAP-1 |
| v. | |
| MICHELLE KAY JARRETT, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Argued and Submitted January 10, 2017
Pasadena, California

Before:    KOZINSKI and WATFORD, Circuit Judges, and WHALEY,[**] Senior District Judge.

Appellant Michelle Kay Jarrett appeals her termination from the Central

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Robert H. Whaley, Senior District Judge for the United States District Court for the Eastern District of Washington, sitting by designation.

District of California's Conviction and Sentence Alternatives ("CASA") post-plea diversion program. Jarrett alleges she was denied due process and equal protection rights because her termination from CASA was the result of non-compliance primarily caused by her impoverished status.[1]

In Bearden v. Georgia, the Supreme Court held that "there can be no equal justice where the kind of trial a man gets depends on the amount of money he has." 461 U.S. 660, 664, 103 S. Ct. 2064, 76 L. Ed. 2d 221 (1983) (quoting Griffin v. Illinois, 351 U.S. 12, 19, 76 S. Ct. 585, 591, 100 L. Ed. 891 (1956) (plurality opinion)). The inability to pay a fine or restitution, despite "all reasonable efforts to pay" and "through no fault of his own," cannot result in automatic incarceration without the consideration of alternative methods of punishment. Id. at 668-69.

The record establishes that Jarrett was not terminated from CASA because of indigency. The court tried numerous alternative sanctions designed to direct Jarrett back into compliance prior to terminating her. Jarrett was terminated because of her pattern of consistent, willful non-compliance. The district court therefore did not abuse its discretion in terminating Jarrett from the CASA program.

---

[1]The government contends Jarrett waived her right to appeal her termination from CASA. We do not address this issue.

**AFFIRMED.**